UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
FIRSTMERIT CORPORATION          :          CASE NO. 1:14-CV-02203
                                                    :
                    Plaintiff,          :
                                                    :
vs.                                             :          OPINION & ORDER
                                                    :          [Resolving Doc. 11]
                                                    :
RYAN CRAVES, ET AL.,              :
                                                    :
                    Defendants.        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this case, Plaintiff FirstMerit Corporation alleges that Defendant Ryan Craves, its former

employee, has breached the confidentiality and non-compete portions of his employment contract.

Plaintiff further alleges that Defendant Chemical Bank, Craves' new employer, has encouraged this

behavior and has tortiously interfered with FirstMerit's business.

        FirstMerit brings its claims in this Court on the basis of diversity jurisdiction—FirstMerit is

an Ohio corporation, while Craves is a Michigan resident and Chemical Bank is a Michigan

corporation.[1]  Defendants have moved to dismiss the complaint or, in the alternative, transfer the

case to the Eastern District of Michigan.[2]  They argue that the Northern District of Ohio is either not

a proper venue or, in the alternative, is not the best forum for adjudicating this dispute.  Plaintiff

opposes.[3]

        For the reasons stated below, the Court **DENIES** the motion to dismiss, and **DENIES** the

motion to transfer.

------------

[1] Doc. 1 at 1–2.
[2] Doc. 11.
[3] Doc. 13.

Case No. 1:14-CV-02203
Gwin, J.

## I. Background

Defendant Ryan Craves worked as a business banker for Plaintiff FirstMerit Corporation from April 2013 until March 2014.[4]  As a condition of his employment, he was required to sign a contract that, among other things, prohibits him from "solicit[ing], engag[ing], or interfer[ing] with any FirstMerit" customer or employee relationship for one year after his termination.[5]  The contract also contains a confidentiality agreement that prohibits him from disclosing any "proprietary information or trade secrets of FirstMerit . . . ."[6]

In March 2014, Craves left FirstMerit, and later that month began working for Defendant Chemical Bank in a similar position to the one he held at FirstMerit.[7]  FirstMerit alleges that Craves has since violated the terms of his contract.  Specifically, FirstMerit says Craves has convinced five customers of FirstMerit to move their business to Chemical Bank, and has used the proprietary information and trade secrets he learned at FirstMerit to do so.[8]  FirstMerit also says Craves has convinced another former FirstMerit employee, Marc Cesere, to leave FirstMerit and join him at Chemical Bank.[9]  Finally, FirstMerit alleges that Chemical Bank has "not only permitted, but encouraged Craves to breach his agreement . . . ."[10]

## II. Motion to Dismiss

Defendants first challenge the propriety of venue in this district.  The venue provision

---

[4] Doc. 1 at 4.
[5] Doc. 1-1 at 1.
[6] *Id.*
[7] Doc. 9 at 3.
[8] Doc. 1 at 7–8.
[9] *Id.* at 8–9.
[10] *Id.* at 9.

Case No. 1:14-CV-02203
Gwin, J.

relevant to this dispute is the portion of 28 U.S.C. § 1391(b)(2) that permits venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[11] Venue can be proper in multiple districts. Indeed, venue is proper in any district in which "a substantial part of the events or omissions giving rise to the claim occurred," even if an even more substantial part occurred in a different district.[12]

"In analyzing venue under § 1391(b)(2) in actions involving contract disputes, courts look to (1) where the contract was negotiated and executed, (2) where the contract was performed, and (3) where the alleged breach occurred."[13] The state where a contract was made can be a proper venue for a lawsuit that deals with that contract.[14] In deciding where venue is proper, "[c]ourts may also consider where the effects of a defendant's alleged breach are experienced."[15]

There is no doubt here that Craves was and is employed in Michigan, that Chemical Bank is a Michigan company, and that the customers and employee he is alleged to have improperly solicited are all in Michigan.[16] On the other hand, the contract itself recites that it was "made and entered into in the state of Ohio," includes an Ohio choice of law provision, and one party to it was located in Ohio at the time it was made.[17] And the damages FirstMerit allegedly suffers as a result of both Defendants' actions are felt at least in part in Ohio, where FirstMerit is incorporated and

---

[11] 28 U.S.C. § 1391(b)(2).

[12] *Capitol Specialty Ins. Corp. v. Splash Dogs LLC*, 801 F. Supp. 2d 657, 671-72 (S.D. Ohio 2011).

[13] *Estate of Popovich v. Elliott*, 1:14-cv-01254, 2014 WL 4852275, at *1 (N.D. Ohio Sept. 29, 2014) (quoting *Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014)) (internal quotation marks omitted).

[14] *E.g.*, *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1277–78 (D. Utah 2010).

[15] *Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014) (citing *Sygnetics, Inc. v. Hops Int'l, Inc.*, No. 12-cv-14328, 2013 WL 1395806, at *3 (E.D. Mich. Apr. 5, 2013)).

[16] Doc. 11-1 at 5. Defendants have not, however, in any of their pleadings, challenged the Court's personal jurisdiction over them, and have therefore waived any such challenge. *See, e.g.*, *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (citing *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)).

[17] *See* Doc. 1-1 at 2; *see also Shannon's Rainbow*, 683 F. Supp. 2d at 1277 (finding similar events constituted a substantial part of the claim, even though other venues would have had more substantial connections).

-3-

Case No. 1:14-CV-02203
Gwin, J.

headquartered.[18]  Furthermore, Chemical Bank must have known that Craves had worked for FirstMerit, and thus likely knew that it was risking just this sort of litigation with an Ohio company when it hired him.

Given these facts, the Court concludes that a substantial part of the events giving rise to this action occurred in Ohio.  Although a more substantial portion of the events occurred in Michigan, that does not make venue improper here, as more than one district may be proper under § 1391(b)(2). The Court therefore **DENIES** Defendants' motion to dismiss this suit for improper venue.

### III. Motion to Transfer Venue

Defendants next ask that this case be transferred to the Eastern District of Michigan under 28 U.S.C. § 1404, which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[19]  The Sixth Circuit requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[20]

Typically, where venue is proper in more than one forum, either party will face some inconvenience no matter which venue is chosen.  Consequently, if a change of venue merely shifts the inconvenience from one party to another, a change of venue is generally not warranted.[21] "Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and

---

[18]/Doc. 13 at 6–7.

[19]/28 U.S.C. § 1404(a).

[20]/*Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

[21]/*Kirk v. Shaw Envtl., Inc.*, No. 1:09-cv-1405, 2010 WL 520827, at *3 (N.D. Ohio Feb. 5, 2010) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

-4-

Case No. 1:14-CV-02203
Gwin, J.

documents are located in, the proposed transferee district, is generally insufficient to merit transfer."[22] Ultimately, "[t]he defendant, because it is the party requesting a transfer of venue, bears the burden of proof to show the factors weigh 'strongly' in favor of transfer."[23] When a defendant makes such a showing, transfer is appropriate. "But unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[24]

Defendants say that the Eastern District of Michigan is a better forum because the events took place in Michigan, the witnesses and documents are in Michigan, and Michigan has a stronger interest in the case than Ohio.[25] Furthermore, Defendants argue that the forum selection clause in Craves' contract with FirstMerit is merely permissive, not mandatory, and thus the Court need not keep the case in order to give it effect.[26]

FirstMerit responds that the forum selection clause in Craves' contract specifying the Northern District of Ohio as a proper forum for suit overcomes any arguments Defendants make.[27] Further, FirstMerit says there is a relatively minor difference in the burden of conducting discovery in one forum versus the other.[28]

### A. Defendant Ryan Craves

A valid forum selection clause generally bars any arguments that litigating in the specified

---

[22] *Id.* (citing *Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F. Supp. 1450 (S.D. Miss. 1985)).

[23] *Picker Int'l, Inc., v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

[24] *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947) (emphasis added); *see also* Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3828.2 (4th ed. 2014) ("[C]ourts afford at least some deference to the plaintiff's choice of forum.").

[25] *See* Doc. 11-1 at 7–9, 11–12. For these reasons, the Eastern District of Michigan is undoubtedly a district where this case "might have been brought." *See* 28 U.S.C. § 1404(a).

[26] *See id.* at 9–11.

[27] Doc. 13 at 2–3.

[28] *Id.* at 4.

-5-

Case No. 1:14-CV-02203
Gwin, J.

forum would be unduly burdensome.[29] "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . . In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain."[30]

The forum selection clause strongly suggests that the claims against Defendant Craves should not be transferred. Although the forum selection clause in this case is merely permissive rather than mandatory (and thus this case is distinguishable from *Atlantic Marine*), that does not change the analysis.  The parties agreed that any "dispute or controversy" between Craves and FirstMerit "arising under or in connection with" the contract could be heard in the Summit County (Ohio) Court of Common Pleas, or in the Northern District of Ohio.[31]  Given this unambiguous language, the parties must have understood that they could be haled into court in Ohio and be required to litigate there.  The Court will hold the parties to this bargain.[32]

### B. Defendant Chemical Bank

Chemical Bank, however, is not a party to the employment contract between Craves and FirstMerit.  Generally, a party cannot be bound by a forum selection clause in a contract if it was not

---

[29] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W.D. Tex.*, 134 S. Ct. 568, 582 (2013) (citations omitted); *see also* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3854.1 (4th ed. 2014).

[30] *Atl. Marine Constr. Co.*, 134 S. Ct. at 583.

[31] Doc. 1-1 at 2.

[32] Defendants argue that the Court should give the forum selection clause less weight because Craves was required to sign it as a condition of his employment. Doc. 11-1 at 10.  Courts, however, have routinely given effect to forum selection clauses in cases involving contracts of adhesion as long as the selected forum has some connection to the case. *See, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991).  The connection to Ohio is stronger and the burden of litigating in Ohio is lighter than was the case in *Thommen Med. USA, LLC v. Tanner*, No. 1:11-CV-01833, 2011 WL 5599392, at * 2 (N.D. Ohio Nov. 17, 2011), where this Court declined to give controlling weight to a similar forum selection clause in an employment contract.  Furthermore, the Supreme Court's recent decision in *Atlantic Marine*, 134 S. Ct. 568, has reinforced the notion that great weight should be given to forum selection clauses.

Case No. 1:14-CV-02203
Gwin, J.

a party to the contract.[33]  There may be an exception if the party is so closely related to the dispute that it is foreseeable that it would be bound, such as a third-party beneficiary of the contract or the directors and officers of a contracting corporation, but no such exception would apply in this case.[34] The Court therefore will weigh the private and public interests to determine whether the case against Chemical Bank should be transferred.

The private interests of the parties point toward Michigan as a better forum for this suit, although ultimately not enough so to warrant transfer.  Many witnesses will be in Michigan, and the fact that some non-party witnesses will be beyond the subpoena power of the Court weighs in favor of transfer.[35]  But many of the witnesses undoubtedly will be under the control of either Chemical Bank or FirstMerit, who will be able to compel their presence in either forum.  Furthermore, the burden imposed on witnesses to travel from the Eastern District of Michigan to the neighboring Northern District of Ohio to attend any court proceedings will be slight.[36]  Similarly, although many documents will be in Michigan, some will be in Ohio as well.  And since any documents requested through discovery will, in all likelihood, be exchanged electronically, the impact of their location only minimally affects the burden to either party.[37]

The public interests, on balance, tip slightly in favor of Ohio as a forum for this case.

---

[33] *E.g.*, *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 652–53 (5th Cir. 2004).

[34] *See, e.g.*, *Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC*, No. 02 Civ. 0767, 2003 WL 22882137, at *5–6 (S.D.N.Y. Dec. 4, 2003) (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998)).

[35] *See, e.g.*, *Fryda v. Takeda Pharms. N. Am., Inc.*, No. 1:11-CV-00339, 2011 WL 1434997, at *3 (N.D. Ohio Apr. 14, 2011).

[36] *Cf. Progressive Plastics, Inc. v. Nat'l Liquid Packaging Co.*, No. 1:07-CV-47, 2007 WL 593555, at *2 (N.D. Ohio Feb. 21, 2007) (denying transfer to the Northern District of Illinois because "Chicago is relatively close to Cleveland, and an easy commute").  Saginaw, Michigan, where Craves and his customers are located, is even closer to Cleveland than Chicago, Illinois.  Furthermore, FirstMerit has indicated that its lawyers will travel to the witnesses to take depositions, thereby decreasing inconvenience to the witnesses.  *See* Doc. 13 at 4.

[37] *See, e.g.*, *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573–74 (N.D. Ohio 1998) (noting that the location of documents is only a "minor consideration" because they can be easily moved).

Case No. 1:14-CV-02203
Gwin, J.

Because of the choice of law provision in Craves' employment contract, Ohio law will likely govern many, if not all, of the claims in this case.[38] The citizenship of the parties and the locus of the events points toward Michigan having a slightly greater interest in the outcome of the case. But FirstMerit is an Ohio corporation, giving Ohio its own significant interest. Finally, there is no indication that the case would be resolved more quickly or efficiently in the Eastern District of Michigan than it would be in this Court.[39]

* * *

FirstMerit's choice of forum is entitled to some deference. Defendants have not demonstrated that the balance of factors so strongly weighs in favor of transfer to overcome this. Accordingly, the Court **DENIES** Defendants' motion to transfer venue.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss and **DENIES** Defendants' motion to transfer venue.

IT IS SO ORDERED

Dated: January 12, 2015                        s/       *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[38] *See Gulf Oil Corp.*, 330 U.S. at 509 ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.").

[39] Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3854, at nn.15–21 & accompanying text (4th ed. 2014).